JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carlos Wong
115 W. 3rd Street
Clifton, New Jersey

## DEFENDANTS
CTS Cement Manufacturing Corporation and CTS Bulk Terminals Company, and Pennsylvania Cement Terminal, LLC.

**(b)** County of Residence of First Listed Plaintiff    New Jersey
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Pennsylvania
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John N. Zervanos, Esquire
Soloff & Zervanos, P.C.
1525 Locust St., 8th Flr
Philadelphia, Pa. 19102 (215) 732-2260

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332 (a)(1)
Brief description of cause:
Plft. fell on defendant's property due to snow and ice causing plaintiff injuries.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00 in excess
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 1/19/17
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __115 W. 3rd Street, Clifton, New Jersey 07011__

Address of Defendant: __4677 Hanoverville Road, Bethlehem, Pa. 18020__

Place of Accident, Incident or Transaction: __4677 Hanoverville Road, Behtlehem, Pa. 18020__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify) __Premises Liability__
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)
I, __John N. Zervanos, Esquire__, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __1/19/17__   __[signature]__   __49615__
                    Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/19/17__   __[signature]__   __49615__
                    Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS WONG<br>115 W. 3rd Street<br>Clifton, New Jersey 07011<br>　　　　　Plaintiff,<br>　　v.<br>CTS CEMENT MANUFACTURING<br>CORPORATION<br>4677 Hanoverville Road<br>Bethlehem, Pa. 18020-9410<br>　　and<br>CTS BULK TERMINALS COMPANY<br>4677 Hanoverville Road<br>Bethlehem, Pa. 18020-9410<br>　　and<br>PENNSYLVANIA CEMENT TERMINAL, LLC<br>4677 Hanoverville Road<br>Bethlehem, Pa. 18020-9410<br>　　　　　Defendants | No.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Carlos Wong, Plaintiff herein, by and through his attorney, John N. Zervanos, Esquire of Soloff & Zervanos, P.C., and for his Complaint, states:

## PARTIES

1. Carlos Wong is an adult male individual and citizen and resident of the State of New Jersey residing at 115. W. 3rd Street, Clifton, New Jersey 07011.

2. Defendant CTS Cement Manufacturing Corporation is a corporation duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business located at 11065 Knott Avenue, Cypress, CA 90630 with an existing place of business at 4677 Hanoverville Road, Bethlehem, Pa. 18020.

3. Defendant CTS Bulk Terminals Company is a Pennsylvania Corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 4677 Hanoverville Road, Bethlehem, Pa. 18020-9410.

4. Defendant Pennsylvania Cement Terminal, LLC., upon information and belief of Plaintiff, is a Navada Corporation with a registered address of 20 Carneros Drive, Sparks Navada, 89441, and a place of business at 4677 Hanoverville Road, Bethlehem, Pa. 18020-9410.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §1332 (a)(1) because this case involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $150,000.00.

6. The facts giving rise to this litigation occurred in Bethlehem, Pennsylvania in the Eastern District of Pennsylvania, and the events or omissions giving rise to the claims herein occurred in Bethlehem, Pennsylvania in the Eastern District of Pennsylvania. Therefore, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

7. At all relevant times, Plaintiff Carlos Wong was lawfully on the Defendants' premises, specifically its place of business at 4677 Hanoverville Road, Bethlehem, Pa. 18020.

8. At all relevant times, Plaintiff Wong was a business invitee on the subject premises, as described herein and, as such, was owed the highest duty of care pursuant to the laws of the Commonwealth of Pennsylvania.

9. At all relevant times, Defendant CTS Cement Manufacturing Corporation was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the subject premises at 4677 Hanoverville Road, Bethlehem, Pa. 18020-9410.

10. At all relevant times, Defendant CTS Bulk Terminals Company was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the subject premises at 4677 Hanoverville Road, Bethlehem, Pa. 18020-9410.

11. At all relevant times, Defendant Pennsylvania Cement Terminal, LLC., was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the subject premises at 4677 Hanoverville Road, Bethlehem, Pa. 18020-9410.

12. At all relevant times, Defendants were responsible for all maintenance, upkeep, and safety precautions relative to the subject premises, including proper and timely snow and/or ice treatment and/or removal.

13. At all relevant times, Defendants acted through their agents, servants, representatives, and/or employees, who were acting within the course and scope of their agency and/or employment of said Defendants.

14. On February 5, 2015, Plaintiff Wong was working as a truck driver for AH Harris & Sons, Inc., 126 Fairfield Road, Fairfield, New Jersery and was at all relevant times in the course and scope of his employment for AH & Harris & Sons while at defendants' place of business at 4677 Hanoverville Road, Bethlehem, Pa. 18020.

15. Upon arrival at the subject premises on the day mentioned above, Plaintiff Wong was directed to park at or near the defendants' receiving entrance. After he exited his vehicle and was walking within that area of the subject premises to complete his business, plaintiff was suddenly and unexpectedly caused to slip and fall to the ground, thereby

sustaining injuries and damages as set forth more fully below.

16. The fall suffered by Plaintiff Wong occurred directly as a result of the slippery surface of the subject premises, which was covered with snow and/or ice that had not been properly and/or timely removed and/or treated by Defendants thereby creating a dangerous and unsafe condition.

17. The snow and/or ice were not natural accumulations and had been allowed to accumulate and remain on the subject premises for some time without treatment and/or removal thereby creating a dangerous and unsafe condition.

18. Defendants, individually and or by and through their agents, servants, workmen, and employees knew and or should have known of this dangerous and unsafe condition, yet Defendants allowed this condition to remain on the subject premises, without proper and/or timely removal and/or treatment.

19. Defendants had a duty to keep and maintain the subject premises in a reasonably safe condition for those persons lawfully on the premises.

20. Defendants failed to keep and maintain the subject premises in a reasonably safe condition for persons lawfully on the premises.

21. The aforementioned incident, injuries and damages sustained by Plaintiff Wong, as set forth more fully below, were caused solely by the negligence and carelessness of Defendants, individually and by their agents, servants, workmen, and/or employees and was in no manner whatsoever due to any act or failure to act on the part of plaintiff Wong.

## COUNT I – NEGLIGENCE
## PLAINTIFF, CARLOS WONG v. DENFENDANT, CTS CEMENT MANUFACTURING CORPORATION

22. Plaintiff incorporates by reference the paragraphs contained above and throughout the entire complaint as if same were set forth at length herein.

23. The negligence and carelessness of the Defendant, individually and by and through its agents, servants, workmen, and/or employees consisted of the following:

    a. failing to timely treat the snow and/or ice on the subject premises;

    b. failing to timely remove the snow and/or ice on the subject premises;

    c. failing to properly treat the snow and/or ice on the subject premises;

    d. failing to properly remove the snow and/or ice on the subject premises;

    e. failing to keep the parking lot in a safe condition for Plaintiff Wong who was lawfully upon the subject premises;

    f. failing to properly, adequately, and/or timely inspect the subject premises to discover the dangerous and unsafe condition;

    g. failing to take adequate steps to discover, anticipate, and prevent the dangerous and unsafe condition, which created the unreasonable risk of harm and injury to Plaintiff Wong;

    h. failing to take adequate steps to prevent the dangerous and unsafe condition from occurring and/or existing on the subject premises;

    i. failing to use reasonable care to warn Plaintiff Wong of the dangerous and unsafe condition of the subject premises;

    j. failing to use reasonable care to protect Plaintiff Wong from the dangerous and unsafe condition;

    k. permitting the dangerous and unsafe condition to exist and/or remain on the subject premises when Defendant knew or should have known of its existence;

l.   permitting the dangerous and unsafe condition to exist and/or remain on the subject premises, which Defendant knew or should have known created an unreasonable risk of harm to Plaintiff Wong, who was lawfully upon the subject premises;

m.   failing to timely treat, remove, repair, replace, or otherwise correct the dangerous and/or unsafe condition, which created the unreasonable risk of harm and injury to Plaintiff Wong;

n.   employing or contracting with those who were not sufficiently qualified to maintain the parking lot in a safe and proper manner;

o.   failing to have a designated entrance and exit way for its business invitees including plaintiff Wong;

p.   failing to provide plaintiff Wong with an alternate route to the shipping and receiving area;

q.   violating federal, state, and/or local statutes, laws, and/or ordinances regarding prevention, treatment, removal, maintenance, and/or repair of the subject premises;

r.   failing to exercise the requisite degree of care required for Plaintiff Wong who was a business invitee on the subject premises.

24. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, Carlos Wong sustained multiple injuries, bruises, contusions, and damages to the nerves, bones, discs, muscles, and ligaments of his body, both of temporary and permanent nature, including, but not limited to a broken shoulder resulting in surgery and caused continued pain and suffering, to his great detriment and loss.

25. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has and will continue to be forced to incur various financial and medical expenses in an effort to cure himself from the aforesaid injuries and damages, to his great detriment and loss.

26. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has been unable to perform and has been limited in performing many of his normal activities, to his great detriment and loss.

27. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has suffered loss of employment wages and his earning capacity has been impaired, to his great detriment and loss.

28. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has experienced and continues to experience emotional and physical pain, suffering, inconvenience, embarrassment, mental anguish, and loss of enjoyment of life, to his great detriment and loss.

**WHEREFORE,** Plaintiff hereby demands judgment in his favor and against Defendant CTS Cement Manufacturing Corporation, individually and jointly, in an amount in excess of $150,000.00, exclusive of interest and costs, and any other relief this Honorable Court deems equitable and just.

### COUNT II – NEGLIGENCE
### PLAINTIFF, CARLOS WONG v. DEFENDANT,
### CTS BULK TERMINALS COMPANY

29. Plaintiff incorporates by reference the paragraphs contained above and throughout the entire complaint as if same were set forth at length herein.

30. The negligence and carelessness of Defendant CTS Bulk Terminals Company, individually and by and through its agents, servants, workmen, workers, contractors, sub-contractors, and/or employees which directly and proximately caused plaintiff Carlos Wong's fall injuries and damages consisted of the following:

    a. failing to timely treat the snow and/or ice on the subject premises;

    b.     failing to timely remove the snow and/or ice on the subject premises;

    c.     failing to properly treat the snow and/or ice on the subject premises;

    d.     failing to properly remove the snow and/or ice on the subject premises;

    e.     failing to keep the parking lot in a safe condition for Plaintiff Wong who was lawfully upon the subject premises;

    f.     failing to properly, adequately, and/or timely inspect the subject premises to discover the dangerous and unsafe condition;

    g.     failing to take adequate steps to discover, anticipate, and prevent the dangerous and unsafe condition, which created the unreasonable risk of harm and injury to Plaintiff Wong;

    h.     failing to take adequate steps to prevent the dangerous and unsafe condition from occurring and/or existing on the subject premises;

    i.     failing to use reasonable care to warn Plaintiff Wong of the dangerous and unsafe condition of the subject premises;

    j.     failing to use reasonable care to protect Plaintiff Wong from the dangerous and unsafe condition;

    k.     permitting the dangerous and unsafe condition to exist and/or remain on the subject premises when Defendant knew or should have known of its existence;

    l.     permitting the dangerous and unsafe condition to exist and/or remain on the subject premises, which Defendant knew or should have known created an unreasonable risk of harm to Plaintiff Wong, who was lawfully upon the subject premises;

    m.     failing to timely treat, remove, repair, replace, or otherwise correct the dangerous and/or unsafe condition, which created the unreasonable risk of harm and injury to Plaintiff Wong;

    n.     employing or contracting with those who were not sufficiently qualified to maintain the parking lot in a safe and proper manner;

    o.     failing to have a designated entrance and exit way for its business invitees including plaintiff Wong;

    p.     failing to provide plaintiff Wong with an alternate route to the shipping and receiving area;

      q.    violating federal, state, and/or local statutes, laws, and/or ordinances regarding prevention, treatment, removal, maintenance, and/or repair of the subject premises;

      r.    failing to exercise the requisite degree of care required for Plaintiff Wong who was a business invitee on the subject premises.

31. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, Carlos Wong sustained multiple injuries, bruises, contusions, and damages to the nerves, bones, discs, muscles, and ligaments of his body, both of temporary and permanent nature, including, but not limited to a broken shoulder resulting in surgery and caused continued pain and suffering, to his great detriment and loss.

32. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has and will continue to be forced to incur various financial and medical expenses in an effort to cure himself from the aforesaid injuries and damages, to his great detriment and loss.

33. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has been unable to perform and has been limited in performing many of his normal activities, to his great detriment and loss.

34. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has suffered loss of employment wages and his earning capacity has been impaired, to his great detriment and loss.

35. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has experienced and continues to experience emotional and physical pain, suffering, inconvenience, embarrassment, mental anguish, and loss of enjoyment of life, to his great detriment and loss.

WHEREFORE, Plaintiff hereby demands judgment in his favor and against Defendant CTS Bulk Terminals Company, individually and jointly, in an amount in excess of $150,000.00, exclusive of interest and costs, and any other relief this Honorable Court deems equitable and just.

### COUNT III – NEGLIGENCE
### PLAINTIFF, CARLOS WONG v. DEFENDANT, PENNSYLVNIA CEMENT TERMINAL, LLC

36. Plaintiff incorporates by reference the paragraphs contained above and throughout the entire complaint as if same were set forth at length herein.

37. The negligence and carelessness of Defendant Pennsylvania Cement Terminal, LLC., individually and by and through its agents, servants, workmen, workers, contractors, sub-contractors, and/or employees which directly and proximately caused plaintiff Carlos Wong's fall, injuries and damages consisted of the following:

   a. failing to timely treat the snow and/or ice on the subject premises;

   b. failing to timely remove the snow and/or ice on the subject premises;

   c. failing to properly treat the snow and/or ice on the subject premises;

   d. failing to properly remove the snow and/or ice on the subject premises;

   e. failing to keep the parking lot in a safe condition for Plaintiff Wong who was lawfully upon the subject premises;

   f. failing to properly, adequately, and/or timely inspect the subject premises to discover the dangerous and unsafe condition;

   g. failing to take adequate steps to discover, anticipate, and prevent the dangerous and unsafe condition, which created the unreasonable risk of harm and injury to Plaintiff Wong;

   h. failing to take adequate steps to prevent the dangerous and unsafe condition from occurring and/or existing on the subject premises;

    i. failing to use reasonable care to warn Plaintiff Wong of the dangerous and unsafe condition of the subject premises;

    j. failing to use reasonable care to protect Plaintiff Wong from the dangerous and unsafe condition;

    k. permitting the dangerous and unsafe condition to exist and/or remain on the subject premises when Defendant knew or should have known of its existence;

    l. permitting the dangerous and unsafe condition to exist and/or remain on the subject premises, which Defendant knew or should have known created an unreasonable risk of harm to Plaintiff Wong, who was lawfully upon the subject premises;

    m. failing to timely treat, remove, repair, replace, or otherwise correct the dangerous and/or unsafe condition, which created the unreasonable risk of harm and injury to Plaintiff Wong;

    n. employing or contracting with those who were not sufficiently qualified to maintain the parking lot in a safe and proper manner;

    o. failing to have a designated entrance and exit way for its business invitees including plaintiff Wong;

    p. failing to provide plaintiff Wong with an alternate route to the shipping and receiving area;

    q. violating federal, state, and/or local statutes, laws, and/or ordinances regarding prevention, treatment, removal, maintenance, and/or repair of the subject premises;

    r. failing to exercise the requisite degree of care required for Plaintiff Wong who was a business invitee on the subject premises.

38. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, Carlos Wong sustained multiple injuries, bruises, contusions, and damages to the nerves, bones, discs, muscles, and ligaments of his body, both of temporary and permanent nature, including, but not limited to a broken shoulder resulting in surgery and caused continued pain and suffering, to his great detriment and loss.

39. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has and will continue to be forced to incur various financial and medical expenses in an effort to cure himself from the aforesaid injuries and damages, to his great detriment and loss.

40. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has been unable to perform and has been limited in performing many of his normal activities, to his great detriment and loss.

41. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has suffered loss of employment wages and his earning capacity has been impaired, to his great detriment and loss.

42. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Wong has experienced and continues to experience emotional and physical pain, suffering, inconvenience, embarrassment, mental anguish, and loss of enjoyment of life, to his great detriment and loss.

**WHEREFORE,** Plaintiff hereby demands judgment in his favor and against Defendant Pennsylvania Cement Terminal, LLC. Individually and jointly, in an amount in excess of $150,000.00, exclusive of interest and costs, and any other relief this Honorable Court deems equitable and just.

Respectfully submitted,
**SOLOFF & ZERVANOS, P.C.**

BY: _____
**JOHN N. ZERVANOS, ESQUIRE**
Soloff & Zervanos, P.C.
Attorney I.D. Nos.: 49615
1525 Locust Street, 8th Floor
Philadelphia, PA 19102
(215) 732-2260
(215) 732-2289
Attorney for Plaintiff
Email: jzervanos@laws.com